IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

COAL RIVER MOUNTAIN WATCH,
APPALACHIAN VOICES,
WEST VIRGINIA HIGHLANDS CONSERVANCY, and
SIERRA CLUB,

        Plaintiffs,

v.                 CIVIL ACTION NO. 3:25-0103

COLONEL JAYSON PUTNAM,
in his official capacity as District Engineer,
U.S. Army Corps of Engineers, Huntington District,
WILLIAM H. GRAHAM,
in his official capacity as Commander and
Chief of Engineers, U.S. Army Corps of Engineers, and
UNITED STATES ARMY CORPS OF ENGINEERS,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

    Pending before the Court is Defendants' Motion for Relief from Order and Notice and for Entry of Scheduling Order. ECF No. 14. In a previous order, the Court granted Defendants' request for relief from the deadline to file a report on the Rule 26(f) meeting and the deadline to make Rule 26(a)(1) disclosures. ECF No. 21. The Court now considers Defendants' request to enter Defendants' desired case management schedule. For reasons explained below, the Court **DENIES** this portion of Defendants' motion.

    On February 19, 2025, Plaintiffs Coal River Mountain Watch, Appalachian Voices, West Virginia Highlands Conservancy, and Sierra Club filed a complaint against Defendants Colonel Jayson Putnam, in his official capacity, William H. Graham, in his official capacity, and the United States Army Corps of Engineers. *Compl.*, ECF No. 1. In the complaint, Plaintiffs allege that

Defendants failed to comply with the Clean Water Act (CWA), 33 U.S.C. § 1344 *et seq.*, the National Environmental Policy Act (NEPA), 42 U.S.C. § 4321 *et seq.*, and the Administrative Procedures Act (APA), 5 U.S.C. § 551 *et seq.*, when issuing Permit No. LRH-2020-631-BCR (the Turkeyfoot Permit). *Id.* at ¶¶ 1–2.

Defendants have since filed the present motion and the administrative record. *Defs.' Mot.*, ECF No. 14; *Administrative R.*, ECF No. 20. Defendants' motion includes their preferred case management schedule. *Defs.' Mot.* at ¶ 6. Plaintiffs have filed a Rule 26(f) Report of Planning Meeting, which includes their proposed case management schedule. *Rule 26(f) Report*, ECF No. 16.

The parties present the Court with dueling proposals. Defendants ask this Court to treat this case as one exclusively focused on the review of the administrative record. Defendants have proposed a case management schedule that adheres to their vision of this case. Plaintiffs, however, believe that extra-record evidence and limited discovery are necessary in this case. Plaintiffs' proposed case management schedule accounts for limited discovery and extra-record evidence.

Generally, when reviewing agency action, courts are limited to reviewing the administrative record. *Camp v. Pitts*, 411 U.S. 138, 142 (1973). The Supreme Court has instructed that "the focal point for judicial review should be the administrative record already in existence[.]" *Id.* The impetus for this rule is that a "court is not empowered to substitute its judgment for that of the agency." *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 416 (1971); *Dep't of Com. v. New York*, 588 U.S. 752, 780–81 (2019).

This general rule has several exceptions that may apply in this case. As this Court has previously explained:

> "because a NEPA suit is inherently a challenge to the adequacy of the administrative record . . . courts generally have been willing to look outside the

> record when assessing the adequacy of an EIS or a determination that no EIS is necessary."

*Ohio Valley Envtl. Coalition, Inc. v. U.S. Army Corps of Eng'rs*, 883 F. Supp. 2d 627 (S.D. W. Va. 2012), *aff'd*, 716 F.3d 119 (4th Cir. 2013) (cleaned up and citations omitted). Additionally, several exceptions may apply in a CWA § 404 challenge:

> multiple courts have found extra-record evidence admissible outside the NEPA context (1) if admission is necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) if the agency has relied on documents not in the record, (3) when supplementing the record is necessary to explain technical terms or complex subject matter, or (4) when plaintiffs make a showing of agency bad faith.

*Ohio Valley Envtl Coalition, Inc. v. U.S. Army Corps of Eng'rs*, Civil Action No. 3:11–0149, 2011 WL 1485603, at *1 (S.D. W. Va. Apr. 19, 2011) (cleaned up and citations omitted).

Plaintiffs argue that some of these exceptions will apply in this case. They argue that extra-record evidence will help the Court understand technical and complex subject matter and whether Defendants have considered all the relevant factors. *Pls.' Resp.* at 5, ECF No. 17. Additionally, Plaintiffs state they will seek limited discovery that will show Defendants failed to meet NEPA's "hard look" requirement and that their decision was arbitrary and capricious, that Defendants' justifications lacked reasoned explanation, and that harm from the issuance of the Turkeyfoot permit is imminent. *Id.* at 9.

Defendants contend that Plaintiffs' arguments are premature. However, this Court is faced with competing case management schedules and must decide. The Court will enter Plaintiffs' proposed case management schedule because the Court agrees that limited discovery and extra-record evidence may prove necessary in this case.

Defendants also argue that Plaintiffs fail to cite a case where a court allowed limited discovery or extra-record evidence prior to the administrative record being issued or reviewed. As previously noted, Defendants have since filed the administrative record. Further, at this point in the case, the Court is simply entering a Scheduling Order that accommodates potential extra-record evidence and limited discovery, not deciding that extra-record evidence or limited discovery are appropriate. Consistent with past practice of this Court and the case law, Plaintiffs must still prove the need for extra-record evidence and make a showing that limited discovery is necessary. *Ohio Valley Envtl Coalition, Inc.*, 2011 WL 1485603, at *3; *Am. Canoe Ass'n, Inc. v. EPA*, 46 F. Supp. 2d 473, 477 (E.D. Va. 1999).

The Court finds that Plaintiffs' extra-record evidence and limited discovery may fit the exceptions to the general rule. Accordingly, the Court will enter a Scheduling Order that allows Plaintiffs to pursue these efforts. Pursuant to *Fed. R. Civ. P.* 16(b) and the *Local District Court Rules*, the Court **ORDERS**:

1. <u>Joinder and Amendments</u>: Motions to join other parties or to amend the pleadings shall be filed by **July 30, 2025**.

2. <u>Discovery</u>: The parties shall complete all discovery requests by **August 29, 2025,** and all depositions by **October 13, 2025.** The last date to complete depositions shall be the 'discovery completion date' by which all discovery, including disclosures required by *Fed. R. Civ. P.* 26(a)(1) and (2), but not disclosures required by *Fed. R. Civ. P.* 26(a)(3), should be completed.

3. <u>Expert Witnesses</u>: The party bearing the burden of proof on an issue shall make the disclosures of information required by *Fed. R. Civ. P.* 26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than **August 15, 2025**. The party not bearing the burden of proof on an issue shall make the disclosures required by *Fed. R. Civ. P.* 26(a)(2)(A) and (B) for that issue

to all other parties or their counsel no later than **September 15, 2025**. All parties shall provide the disclosures required by *Fed. R. Civ. P.* 26(a)(2)(A) and (B) if the evidence is intended solely to contradict or rebut evidence on the same issue identified by another party under *Fed. R. Civ. P.* 26(a)(2)(B), no later than **September 29, 2025**.

    4.    <u>Dispositive Motions</u>: All dispositive motions, except those filed under *Fed. R. Civ. P.* 12(b), together with depositions, admissions, documents, affidavits or other exhibits, and a memorandum in support of such motions shall be filed by **November 3, 2025**. Any responses shall be filed within 14 days of the filing of the motion, with replies due within 7 days of the filing of the response. If not filed electronically, a copy of any motion, supporting memorandum, response and reply, together with documents or materials in support, shall be delivered to the undersigned at the time of filing. If filed electronically, a hard copy of any motion, supporting memorandum, response or reply, together with documents or materials in support, exceeding fifty (50) pages in length shall be submitted to the undersigned at the time of filing.

    5.    <u>Settlement Meeting and *Fed. R. Civ. P.* 26(a)(3) Disclosures</u>: No later than **January 20, 2026**, counsel and any unrepresented parties shall meet to conduct settlement negotiations. Lead trial counsel for the plaintiffs shall take the initiative in scheduling the meeting; all other counsel shall cooperate in the effort to achieve a successful negotiation and settlement. The parties must be prepared at the pretrial conference to certify that they tried to settle the case. If the case is not settled at the meeting and if there is no order or stipulation to the contrary, counsel and unrepresented parties shall make all *Fed. R. Civ. P.* 26(a)(3) disclosures at the settlement meeting.

    6.    <u>Proposed Integrated Pretrial Order</u>: Counsel for the plaintiffs shall prepare their portion of the pretrial order and submit it to counsel for the defendants no later than **January 26, 2026**. Counsel for the defendants shall prepare and file a proposed integrated pretrial order no later

than **February 2, 2026**. The proposed integrated pretrial order, signed by all counsel and unrepresented parties, shall set forth the matters listed in *L.R.* 16.7(b), including any objections to *Fed. R. Civ. P.* 26 (a)(3) disclosures.

7. <u>Pretrial Conference</u>: A final pretrial conference shall be held on **February 9, 2026**, at **10:30 a.m.** in **Huntington.** Lead counsel and any unrepresented parties shall appear fully prepared to discuss all aspects of the case. Individuals with full authority to settle the case shall be present in person.

8. <u>Final Settlement Conference</u>: A final settlement conference, attended by lead trial counsel and any unrepresented parties, shall be held on **February 23, 2026**, at **9:30 a.m.** in **Huntington.** Individuals with full authority to settle the case shall be present in person.

9. <u>Trial to the Court</u>: Trial of this action shall commence on **February 24, 2026**, at **9:00 a.m.** in **Huntington.**

10. <u>Failure to Appear or Negotiate</u>: At least one attorney for each party and all unrepresented parties participating in any conference before trial shall have authority to make decisions as to settlement, stipulations and admissions on all matters that participants reasonably anticipate may be discussed. Counsel and unrepresented parties are subject to sanctions for failures and lack of preparation.

In conclusion, the Court **DENIES** Defendant's motion insofar as it pertains to the Defendants' desired case management schedule and instead enters the Plaintiffs preferred case management schedule. However, the Court will allow in only extra-record evidence that is necessary and that fits within the appropriate exceptions. Further, the Court will only allow discovery that Plaintiffs can demonstrate fall within an exception.

The Court **DIRECTS** the Clerk to send a copy of this written Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER: July 3, 2025

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE